IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEDRIC L. BRYANT, a/k/a Joseph Fooks, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 17-1080-GMS |
| CONNECTIONS, et al., | ) ) ) | |
| Defendants | ) | |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Cedric L. Bryant ("Bryant"), an inmate at the Sussex Correctional Institution ("SCI"), appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 5.) Bryant filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## II. BACKGROUND

On April 25, 2017, Bryant contracted a rash that started in his left arm and spread to his chest and back. (D.I. 3 at 5.) Within two weeks the rash had spread from head to toe. On May 12, 2017, Bryant was seen by the sick call nurse and given ointment and medication. (*Id.*) The medication did not provide relief.

Bryant submitted sick call slips to see a physician or dermatologist. (*Id.*) He also submitted sick call slips for Benadryl. (*Id.*) During the first week of June, Bryant was seen by

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

nurse practitioners Clauda Pierce ("Pierce") and Brad Boyer ("Boyer"). (*Id.* at 6.) Bryant was prescribed a cream and Benadryl. (*Id.*) Bryant was told that the sick call nurse would apply the cream every day. (*Id.*) The Benadryl provided some relief, but the itching was very bad when Bryant was in the sun or took a hot shower. (*Id.*)

Bryant began submitting sick call slips and grievances. (*Id.*) He was called to medical on June 15, 2017, and again seen by Pierce and Boyer. (*Id.*) Bryant was administered a steroid injection and prescribed prednisone. (*Id.*) He was directed to take the prednisone in a specific manner and alleges that the medication nurses did not properly administer the medication.

Bryant was next seen by Pierce around June 25, 2017. (*Id.*) He asked her if he had been placed on the list to see a physician or outside dermatologist about his rash. (*Id.*) Pierce checked the computer and advised Bryant that he was not on the list. (*Id.* at 6-7.) During this visit, an unnamed physician looked at Bryant's rash and "put [him] in for a consult with a[n] outside dermatologist." (*Id.* at 7.)

Bryant has not yet seen an outside physician despite his requests. He alleges that "they keep sending a lady and she tells [him] that she can't put [him] in to see the doctor" and that he will have to wait another three months until his next appointment. (*Id.*)

On July 12, 2017, Bryant met with unnamed individuals about his medical grievances. (*Id.*) Bryant was told that he could not pick and choose his provider. (*Id.*) Bryant explained the treatment he received had not helped him and again asked to be seen by a physician, "inside or out." (*Id.* at 7.) His request was "denied on all accounts." (*Id.* at 8.) Bryant seeks compensation for his pain and suffering and to be seen by the appropriate physicians. (*Id.*)

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to

2

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bryant proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

3

must grant Bryant leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment

The SCI, a named defendant, falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought.

4

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). In addition, dismissal is proper because the SCI is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008) (unpublished).

Accordingly, the court will dismiss the SCI pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) as it is immune from suit.

### B. Medical Needs

Bryant complains of the medical care provided as well as the delay and denial of medical care. In order to set forth a cognizable claim, an inmate must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

The complaint describes the medical care provided by the individually named defendants. The allegations against the individual defendants indicate that the provided Bryant medical care, albeit not to his liking, and that does not appear to have remedied his skin condition. The acts

5

take by the individual defendants cannot be described as deliberate indifference to a serious medical need and do not rise to the level of constitutional violations. As a result, the court will dismiss all claims against the individual defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

The complaint also alleges that Bryant has not received additional inside and outside medical care, despite physician requests for outside medical treatment. Notably, Bryant alleges that he has been repeatedly apologized to for the failure to provide him outside treatment. The court liberally construes the allegations as alleging a relevant Connections' policy or custom, and that the policy caused the delay or denial of medical care. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003). Accordingly, Bryant will be allowed to proceed with the claims against Connections.

## V. CONCLUSION

Bryant will be allowed to proceed with his claims against Connections. The court will dismiss all remaining claims and defendants as frivolous and based upon immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).

An appropriate order will be entered.

_Nov 30_, 2017
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

6