IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEDRIC L. BRYANT,<br>a/k/a Joseph Fooks, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. No. 17-1080-GMS<br>) |
| CONNECTIONS, | )<br>) |
| Defendant. | ) |

## **MEMORANDUM**

### I.  INTRODUCTION

The plaintiff Cedric L. Bryant ("Bryant"), a former inmate at the Sussex Correctional Institution ("SCI") since released, appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 5., 26.) Bryant filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) Before the court is the defendant's motion to dismiss filed January 30, 2018. (D.I. 18.) Bryant has not filed a response to the motion.

### II.  BACKGROUND

Bryant raises medical needs claims. Upon screening, all the defendants were dismissed with the exception of Connections Community Services Program, Inc. ("Connections"). The court liberally construed the complaint as alleging a relevant Connections' policy or custom, and that the policy caused the delay or denial of medical care. *See Natale v. Camden Cty. Corr.*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

*Facility*, 318 F.3d 575, 584 (3d Cir. 2003). (D.I. 8, 9.) Connections moves for dismissal on the grounds that Bryant failed to exhaust his administrative remedies as is required under the Prison Litigation Reform Act ("PLRA"), and the complaint fails to state a claim upon which may be granted. (D.I. 18.)

### III. STANDARDS OF LAW

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Bryant proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement

of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, __U.S. __, 135 S. Ct. 346, 346 (2014).

A complain must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

Connections moves for dismissal for Bryant's failure to exhaust his administrative remedies.[2] The form complaint used by Bryant contains a section regarding exhaustion of administrative remedies. The complaint indicates that there was an administrative process available to Bryant, that he filed a grievance, but that at time he filed the complaint, the grievance process was not completed. (D.I. 3 at 8.) Bryant explains it was not completed at the time he commenced this action "because medical refuses to allow me to be seen by a doctor inside or outside of medical." (*Id.*)

The PLRA prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). "Proper exhaustion of administrative remedies is necessary" to

---

[2] Because dismissal of the case is appropriate based upon failure to exhaust, the court will not address Connections' other ground for dismissal.

3

satisfy the PLRA's exhaustion requirement. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). In order to properly exhaust, the prisoner must complete the administrative review process in accordance with the procedural rules governing the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88) (citation omitted). "Substantial compliance" with the statutory exhaustion requirement is insufficient. *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005). In addition, failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. *See Spruill v. Gillis*, 372 F.3d 218, 222-26 (3d Cir. 2004).

Failure to exhaust remedies under the PLRA, is an affirmative defense to be pleaded by the defendant. *Ball v. Famiglio*, 726 F.3d 448, 458 (3d Cir. 2013). The defense can be raised as a basis for dismissal under Rule 12(b)(6) if the inmate's failure to exhaust is apparent from the face of the complaint. *See id.* If exhaustion is incomplete when an inmate files suit, dismissal is mandatory. *Ryder v. Bartholomew*, 715 Fed. App'x 144, 149 (3d Cir. 2017).

It is clear from the face of the complaint that Bryant failed to exhaust his administrative remedies before commencing this action. He states that the grievance process was not complete. While it appears Bryant believes the administrative process is inadequate to grant him the relief he seeks, he was still required to fully exhaust his administrative remedies before filing this action. He did not. In light of his failure to properly exhaust his claims, the motion to dismiss will be granted and the complaint will be dismissed.

## V.     CONCLUSION

Based upon the above discussion, the court will grant the motion to dismiss. (D.I. 18.) Amendment is futile.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____July 25_____, 2018
Wilmington, Delaware